Bradier Steve **LANDOL RIVERA**, By and Through his mother and next friend, Milagros **RIVERA FIGUEROA**, and Milagros Rivera Figueroa, by herself, Plaintiffs,

v.

Gilberto **CRUZ COSME**, Badge No. 87473; Angel Rivera Alvarado, Badge No. 6098; Edwin Rivera, Badge No. 11483; Jaime Cintron, Badge No. 10138, individually and as Officers of the Police of Puerto Rico; Andres Garcia Arache, individually and as former Chief of the Police of Puerto Rico; Carlos Lopez Feliciano, individually and as Chief of the Police of Puerto Rico, Defendants.

Civ. No. 86–0415 (JAF).

United States District Court, D. Puerto Rico.

Aug. 6, 1987.

Francisco M. Dolz Sánchez, San Juan, P.R., for plaintiffs.

Pedro Miranda Corrada, Héctor Rivera Cruz, Secretary of Justice, Dept. of Justice, Com. of P.R., San Juan, P.R., for defendants.

## ORDER

FUSTE, District Judge.

We have before us a motion for summary judgment filed by codefendant Andrés García Arache, a former Police Superintendent of Puerto Rico. There, it is alleged that there is no liability under 42 U.S.C. sec. 1983 for the facts complained of herein.

The undisputed facts for purposes of this motion establish that on or around August 31, 1985, plaintiff Bradier Steve Landol Rivera (Landol) was exercising his duties as a night manager at a Golden Skillet fast-food restaurant. At about 10:00 P.M., a suspect individual entered the restaurant, which caused Landol to call the Police and inform of his suspicions. As he was reporting the incident, his fears became real. The suspect individual drew a revolver and stole from the cashier all the cash available. Landol was taken as a hostage and, while the suspect, with Landol, was trying to escape through the parking lot, the police[1] arrived at the scene. It is alleged that without the suspect initiating gunfire, the policemen "took aim and negligently, willfully, maliciously, and with reckless indifference and in disregard of plaintiff Bradier Steve Landol Rivera's safety, fired, hitting him on his face with a bullet, causing him severe and permanent injuries." Complaint, docket document No. 1, para. 16.

The only link of this sad event with codefendant Andrés García Arache is an allegation to the effect that he permitted and tolerated illegal use of firearms by officers of the Puerto Rico Police force. It is under this factual framework that Andrés García Arache moves for summary judgment.

[1]. The policemen were later identified as Gilberto Cruz Cosme, Angel Rivera Alvarado, Edwin

## II.

Plaintiff's claim for damages against Andrés García Arache is in effect based on the *respondeat superior* theory of liability. He was not personally involved in the tragic incident. The allegations against Mr. García Arache attempt to establish liability on the unfounded assertion that flaws in the internal processes within the Police Department led unidentified policemen to believe that impermissible use of firearms will go unpunished.

The rule under section 1983 has been consistently interpreted as not being easily read to impose vicarious liability on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). This rule applies in imposing liability on officials who exert supervisory functions. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). The First Circuit has expressed that to find a supervisor liable, the supervisor must demonstrate at least gross negligence amounting to deliberate indifference. The conduct must be casually linked to the subordinate's violation of plaintiff's civil rights. *Guzmán v. City of Cranston*, 812 F.2d 24 (1st Cir.1987), *citing Voutour v. Vitale*, 761 F.2d 812, 820 (1st Cir.1985); *Miranda v. Muñoz*, 770 F.2d 255, 260 (1st Cir.1985); *Pinto v. Nettleship*, 737 F.2d 130, 132 (1st Cir.1984).

Accordingly, without alleged personal involvement and direct control of codefendant García Arache over the incident which gives rise to the complaint, we hereby enter summary judgment in favor of Andrés García Arache. The mere conclusory allegation that Mr. García-Arache failed to investigate the alleged loose-illegal use of firearms is insufficient to activate the *respondeat superior* liability under 42 U.S.C. sec. 1983. *See Guzmán v. City of Cran-*

Rivera, and Jaime Cintrón.

*ston,* 812 F.2d at 26. The action against Mr. García-Árache is dismissed. The case will remain in the ready-to-try case list for trial on short notice.

IT IS SO ORDERED.