Victor Roman **FIGUEROA**, et al., Plaintiffs,

v.

Gerardo Torres **MOLINA**, et al., Defendants.

**Civ. No. 88–2105 (JAF).**

United States District Court, D. Puerto Rico.

Oct. 25, 1989.

Eric M. Quetglas Jordán, San Juan, P.R., for plaintiffs.

José R. García Pérez, Federal Litigation Div., Dept. of Justice, Com. of Puerto Rico, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

Defendant Carlos López Feliciano asks this court to dismiss, pursuant to Fed.R. Civ.P. 12(b)(6), the 42 U.S.C. section 1983 action filed by plaintiff against him. Plaintiff Víctor Román Figueroa is the legal guardian and therefore legal representative of his son Héctor Román Rivera. Héctor Román alleges that he was a victim of an unprovoked assault by defendant Gerardo Torres Molina, a police officer assigned to the Levittown Police Quarters in Bayamón. At this time, defendant movant Carlos López Feliciano was Superintendent of the Police Department of the Commonwealth of Puerto Rico.

López–Feliciano asks this court to dismiss plaintiff's claim against him for two reasons: plaintiff has not shown that defendant acted under color of law and plaintiff has not demonstrated that defendant was personally involved in the events that led to the alleged misconduct of his subordinate police officer. Plaintiff counters that even if this court dismisses his federal claim against defendant López–Feliciano, we still have jurisdiction over him as a pendent party to plaintiff's federal claims against the other defendants.[1] We hereby grant defendant's motion to dismiss the 42 U.S.C. section 1983 claim because plaintiff has not shown sufficient personal involvement by defendant to merit imposing supervisory liability. We also decline to retain our federal jurisdiction over defendant López–Feliciano as we find it unsuitable to apply the pendent party doctrine in the instant case.

Judgment under a 12(b)(6) motion will not be granted unless the movant clearly establishes there are no material issues of fact and that the complaint fails as a matter of law. 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1357 (1969). For purposes of this motion, we will analyze the complaint in the light most favorable to the plaintiffs and accept the allegations stated therein as true. *Id.*

## I. *42 U.S.C. Section 1983 Claim*

In order to establish a valid 42 U.S.C. section 1983 claim plaintiff must indicate that (1) the conduct complained of was committed by a person acting under color of law; and (2) that this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985) (quoting *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981)). The two relevant defendants, Superintendent López–Feliciano and Officer Torres–Molina, are both employees of the Police Department of the Commonwealth of Puerto Rico. The misconduct alleged by plaintiffs occurred while defendants acted in their official capacities as police officers. Thus, their acts or omissions were done under the auspices of local law. Similarly, the First Circuit recognizes that the unreasonable use of force by law enforcement personnel, resulting in personal injury, deprives a person of liberty without due process of law in violation of the fourteenth amendment. *Id.* at 818.

While it was Officer Torres–Molina's conduct that allegedly deprived plaintiff of his federal and constitutional rights, plaintiff also claims that Superintendent López–Feliciano's omissions contributed to the injuries suffered. The issue before the court, then, is to determine whether plaintiff has sufficiently pled a causal nexus between López–Feliciano's acts or omissions and the harm alleged.

The Supreme Court has rejected respondeat superior as a basis for section 1983 liability of supervisory officials. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *accord Landol Rivera v. Cruz Cosme,* 667 F.Supp. 63 (D.P.R.1987). In *Monell,* the Court noted that the basis of imposing section 1983 liability is the concept of causation and fault by a particular defendant. *See City of Oklahoma City v. Tuttle,* 471 U.S. 808, 818, 105 S.Ct. 2427, 2433, 85

---

1. Plaintiff alleges violations of the fourth, fifth, and fourteenth amendments to the Constitution by defendants Torres–Molina, Morales, and Velázquez–Agosto. These defendants were other members of the police force involved in the incident. Complaint, ¶ 48.

L.Ed.2d 791 (1985); *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985). The Court declined to find such causation where liability is imposed purely as a result of the employment relationship. *Tuttle,* 471 U.S. at 818, 105 S.Ct. at 2433. Consequently, it is not enough for plaintiff to imply guilt by association; plaintiff must show in the complaint that Superintendent was personally involved and responsible for the alleged deprivation of plaintiff's constitutional rights. *Landol,* 667 F.Supp. at 64.

Plaintiff has attempted to show personal involvement by Superintendent López–Feliciano in three ways. First, plaintiff charges that López–Feliciano "knew or should have known about defendant Torres–Molina's aggressive and violent propensities" and since López–Feliciano did nothing to prevent Torres–Molina's behavior he is, in part, responsible for the outcome. Complaint, ¶ 31. Second, plaintiff alleges López–Feliciano failed to "implement proper selection, placement, supervisory, training ... programs" which would have prevented defendant Torres–Molina's improper conduct. Complaint, ¶ 32. Third, plaintiff complains that López–Feliciano failed to adequately discipline and supervise Officer Torres–Molina. Complaint, ¶ 33. Thus, the substance of plaintiff's claims is that these omissions proximately caused the alleged injuries to the plaintiff.

The plaintiff, however, has not provided any additional facts in the complaint to support these allegations. Plaintiff fails to allege facts indicating that the Superintendent knew or should have known of Officer Torres–Molina's behavior. Plaintiff fails to allege facts demonstrating flaws in the supervision, training and administration of the Police Department. Plaintiff fails to allege facts showing that Superintendent López–Feliciano refused to investigate and discipline Officer Torres–Molina. Thus, plaintiff's claims against defendant López–Feliciano amount to little more than conclusory allegations, which

are insufficient to support a 42 U.S.C. section 1983 claim.[2]

Even assuming the allegations to be true, plaintiff still would have been unsuccessful in lodging a section 1983 claim against López–Feliciano. In a section 1983 action the First Circuit requires that the allegations indicate more than mere negligence or a failure to act. *Voutour,* 761 F.2d at 820. The Court of Appeals held that the "supervisor must demonstrate at least gross negligence amounting to deliberate indifference," as well as a causal link to the subordinate's violation of plaintiff's civil rights. *Id.* In *Tuttle,* the Supreme Court held that a single instance of individual misconduct by a police officer will not support the inference that the city failed to adequately train, supervise, or discipline its officers. 471 U.S. 808, 822, 105 S.Ct. 2427, 2435, 85 L.Ed.2d 791 (1985). Other than the allegations against defendant Torres–Molina, plaintiff has not presented any facts leading us to conclude that the Superintendent was negligent, not to mention deliberately indifferent, to the plaintiff's civil rights. We conclude, therefore, that plaintiff does not have a valid section 1983 claim against defendant López–Feliciano. Plaintiff not only failed to allege personal involvement on behalf of Superintendent López–Feliciano, but also failed to allege facts indicating gross negligence. Accordingly, we dismiss the federal claim and now address whether we continue to have jurisdiction over the defendant as a pendent party to plaintiff's other federal claims.

## II. *Pendent Party Jurisdiction*

█ In addition to the section 1983 claim, plaintiff charges defendant López–Feliciano with having violated the "laws of the Commonwealth of Puerto Rico." Complaint, ¶ 35. Although plaintiff is not specific as to the particular local law infractions, the court assumes that the plaintiff is attempting to hold the defendant vicariously liable for the violations committed by

---

**2.** The First Circuit has indicated that "[C]omplaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violations". *Goldman v. Sears, Roebuck & Co.,*

607 F.2d 1014, 1018 (1st Cir.1979). Plaintiff must present minimal facts, not subjective characterizations. *Dewey v. University of New Hampshire,* 694 F.2d 1, 3 (1st Cir.1982).

López–Feliciano's subordinate, defendant Torres–Molina. Plaintiff has enumerated the state law claims against this defendant, alleging that defendant Torres–Molina violated sections 1, 7 and 10, Article II, of the Bill of Rights of the Puerto Rico Constitution, and Article 1802 of the Commonwealth of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141. For purposes of argument, we will consider these claims against defendant López–Feliciano.

Plaintiff argues that even after dismissing the section 1983 claim against López–Feliciano, this court still retains pendent party jurisdiction over the state law claims. Under this doctrine, federal courts may exercise jurisdiction over a party, not otherwise subject to federal jurisdiction, if the state claims against him are related to federal claims properly asserted against other defendants in the case. We recognize the strong arguments presented by plaintiff, but decline to extend the parameters of constitutional jurisdiction under Article III to include pendent party defendants to a section 1983 claim.

Plaintiff must address two threshold issues before we consider extending federal jurisdiction to encompass pendent parties. First, plaintiff must show that the pendent party's claim shares a "common nucleus of operative fact" with a claim over which federal courts have jurisdiction. *Gibbs v. United Mine Workers*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Second, plaintiff must demonstrate that Congress, in the statutes conferring jurisdiction, has not expressly or by implication negated its existence over this particular party. *Aldinger v. Howard*, 427 U.S. 1, 17, 96 S.Ct. 2413, 2421, 49 L.Ed.2d 276 (1976). Only if plaintiff has satisfied these two inquiries will we consider regarding defendant as a pendent party to plaintiff's federal claims against the other defendants. *See Rodriguez v. Comas*, 888 F.2d 899 (1st Cir.1989).[3] Other factors, however, such as the "alignment of parties and claims" in the case, may also influence our consideration of defendant's motion. *See Finley v.*

*U.S.*, 109 S.Ct. at 2001 (Blackmun, J., dissenting).

### A. *Common Nucleus of Operative Fact*

In *Gibbs*, the Court held that in a federal question case, where the federal claim is substantial, and the state and federal claims derive from a common nucleus of operative fact, the federal courts have the judicial power to extend their jurisdiction to the state claim. 383 U.S. at 725, 86 S.Ct. at 1138. Lower courts quickly began to read *Gibbs* as also authorizing federal courts to join *parties*, over whom no independent federal jurisdiction exists, simply because their nonfederal claim shared facts and issues with a federal cause of action properly before the court. *See, e.g.*, cases cited in *Moor v. County of Alameda*, 411 U.S. 693, 713–714, n. 29, 93 S.Ct. 1785, 1797–1798, n. 29, 36 L.Ed.2d 596 (1973). Plaintiff's claim against López–Feliciano stems from the alleged violations committed by officer Torres–Molina. Thus, the complaint does indicate a commonality between the state claims asserted against defendant López–Feliciano and those constitutional claims lodged against the various other defendants.

### B. *Limits of Statutory Jurisdiction*

Jurisdiction over plaintiff's 42 U.S.C. section 1983 claim was asserted under 28 U.S.C. sections 1331 and 1343(3). The opening language of section 1343 states that federal courts "shall have original jurisdiction of any civil action authorized by law" and the civil rights action set out in section 1983 is included within the jurisdictional grant of subsection (3) of section 1343. Similarly, the direct constitutional violations pleaded by plaintiff suffice to sustain the grant of jurisdiction under the general federal question statute, Section 1331. Thus, what remains is for us to examine these jurisdictional statutes as they apply to pendent parties.

In *Aldinger*, the Supreme Court held that federal courts should not extend their jurisdiction to include parties expressly or

---

**3.** This opinion was originally withdrawn pending disposition of rehearing and suggestion for hearing after the decision in *Finley v. U.S.*, ——

U.S. ——, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). On October 11, however, the First Circuit denied the petition for rehearing.

impliedly *excluded* by Congress in the statute conferring jurisdiction. 427 U.S. at 18, 96 S.Ct. at 2422. In that case, the Court found that the defendant, a county, had been excluded from liability in section 1983, and thus, by reference, held that it was also excluded in the grant of pendent party jurisdiction under section 1343(3).[4] Similarly, in *Finley v. U.S.,* — U.S. ——, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), the most recent treatment of the issue, the Court held that the Federal Torts Claims Act defines jurisdiction so as to exclude all defendants other than the United States. Thus, the Court rejected petitioner's request to append the county and the utility company to its FTCA action brought against the United States. 109 S.Ct. at 2010.

There does not appear to be any statutory obstacle to granting jurisdiction over defendant López–Feliciano in this case. As the First Circuit has pointed out, section 1983 is a remedial statute and should be read broadly: "although its ambit is restricted to violations of the federal constitution, its aim is advanced by allowing federal courts to provide remedies for injuries that, although derived from other law, share a common nucleus of operative fact with section 1983 claims." *Rodríguez,* 888 F.2d at 905. Thus, plaintiff has satisfied the initial showing required before applying the pendent party doctrine.

### C. *"Posture" of Plaintiff's Claim*

However, this does not end the inquiry. Pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139. Thus, we reserve the right to not to expand jurisdiction if we find that other factors, taken as

a whole, weigh against it. In addition to the two preliminary inquiries mentioned above, we must also analyze the "posture" or "context" in which plaintiff seeks to assert the doctrine. *See Finley v. U.S.,* — U.S. ——, 109 S.Ct. 2003, 2007, 104 L.Ed.2d 593 (1989).

The most distinguishing factor of this case is that plaintiff seeks not only to append claims but parties to his federal cause of action. Despite *Gibbs'* progeny, the Supreme Court has hesitated to treat pendent claims and pendent parties as analogous.[5] As explained in the Court's opinion in *Aldinger,* "the addition of a completely new party would run counter to the well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress." 427 U.S. at 15, 96 S.Ct. at 2420. In *Gibbs,* the extension of federal jurisdiction to the pendent claim was not an unfair use of judicial power since both parties were already before the court on the federal cause of action. *Id.* at 14, 96 S.Ct. at 2420. However, the joinder of parties disturbs the parameters of jurisdiction granted by Article III of the Constitution by subjecting parties unwillingly to federal scrutiny. *Id.* at 18, 96 S.Ct. at 2422.[6]

A factor courts have considered significant in tipping the balance is whether the grant of federal jurisdiction is exclusive. *See Aldinger,* 427 U.S. at 18, 96 S.Ct. at 2422; *Finley,* 109 S.Ct. at 2008; *Rodríguez,* 888 F.2d at 904. Where the plaintiff has no alternative but to bring suit in federal court, courts are more likely to join parties as well as state claims to the original federal cause of action. *Id.*[7]

---

**4.** A federal section 1983 claim was unavailable against the county because of the Court's decision in *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). *Monroe* was later overruled by *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**5.** Indeed, in *Finley* the Court characterized the *Aldinger* holding as "making explicit the non-transferability of *Gibbs* to the context of pendent *party* jurisdiction." 109 S.Ct. at 2010.

**6.** This is particularly true when the party sought to be appended to the federal claim is a defendant. Pendent party plaintiffs are usually willing to enter federal court. *See Rodríguez v. Comas,* 888 F.2d 899 (1st Cir.1989).

**7.** The First Circuit has noted, moreover, that where federal jurisdiction is exclusive, admission of the pendent party *plaintiff* is virtually automatic. *Rodríguez,* at 904. However, in *Finley,* where FTCA actions could only be brought in federal court, the Supreme Court stated that this "alone was not enough" to convince them to

That, however, is not the case with a section 1983 claim. Plaintiff has the choice of filing the action in either federal or state court. *Rodríguez*, 888 F.2d at 904. Thus, not applying the pendent party doctrine protects the defendant from being unwillingly subjected to a federal forum while still allowing plaintiff to preserve his state law claim.

### III. *Conclusion*

We dismiss the section 1983 claim against defendant López–Feliciano. We further conclude that the pendent party doctrine should not be applied in the instant case. Although plaintiff has cited some cases in which this doctrine has been followed, we feel that the Supreme Court is moving squarely in the other direction.

We do not hesitate to follow their lead in this particular case. Plaintiff seeks to append an additional defendant, which otherwise could not be subjected to federal jurisdiction, to its federal claims against the other codefendants in the case.[8] To grant plaintiff's request would be to stretch the parameters of federal jurisdiction under Article III without congressional approval. By allowing section 1983 claims to be filed in either state or federal court, Congress has signalled that the local courts are a proper and viable alternative for redressing civil rights claims that share facts and issues with state claims. *Accord, Rodríguez*, at 905 n. 23 (listing cases).

A partial judgment shall be entered on behalf of defendant López–Feliciano.

IT IS SO ORDERED.

---

apply the pendent party doctrine to a private *defendant*.

**8.** The First Circuit's holding in *Rodríguez* is not contrary to our holding here. In that case, the Court of Appeals affirmed the addition of a pendent *plaintiff* primarily because the defendant and coplaintiff were already properly before the court. Indeed, the appellate court indicated it may have reached an opposite result had the potential pendent party been the defendant. *Rodríguez*, at 903.