**BOTTERO ENTERPRISES, INC., et al.,**
**Plaintiffs, Appellants,**

v.

**SOUTHERN NEW ENGLAND PRODUC-**
**TION CREDIT ASSOCIATION,**
**Defendant, Appellee.**

**No. 84–1243.**

United States Court of Appeals,
First Circuit.

Argued Aug. 8, 1984.

Decided Sept. 18, 1984.

Robert S. Wolfe, Boston, Mass., with whom Lewis Lasher, and Wolfe Associates, Boston, Mass., were on brief, for plaintiffs, appellants.

Robert E. Allen, Jr., Raynham, for defendant, appellee.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and PEREZ–GIMENEZ,* District Judge.

* Of The District of Puerto Rico, sitting by designation.

BOWNES, Circuit Judge.

The plaintiffs, Bottero Enterprises, Inc., and its President and Treasurer, Gian D.R. Bottero (collectively referred to as "Bottero"), entered into four separate loan transactions with the defendant, Southern New England Production Credit Association (SNEPCA). These loans and the subsequent foreclosure of ship mortgages and real estate mortgages were the subject of prior actions in the federal district court and the Massachusetts Superior Court. In its appeal of the present diversity action, plaintiff claims the district court erred in its handling of both its claims, one relating to its rights as a minority shareholder of SNEPCA, and the other pertaining to the foreclosure of real estate mortgages. The district court ruled the former claim was barred because it should have been brought in the previous action as a compulsory counterclaim under Federal Rule of Civil Procedure 13(a). The latter claim was dismissed because the district court found SNEPCA to be entitled to judgment as a matter of law. We review briefly the procedural and factual background of the case before explaining why the district court must be affirmed.

Bottero borrowed money from SNEPCA under an agreement that it would use a portion of the loan proceeds to purchase stock in SNEPCA. This loan condition is imposed by 12 U.S.C. § 2094(f) on all Production Credit Associations.[1] Ownership in the shares so purchased are acknowledged by a bookkeeping entry in the Association's records. To obtain the loans, Bottero gave SNEPCA security in the form of two ship mortgages and several real estate mortgages. After Bottero defaulted, SNEPCA

commenced an admiralty proceeding in federal district court in 1976 to foreclose the ship mortgages. *SNEPCA v. Oil Screw Fishing Vessel "Lisa B.", Oil Screw Fishing Vessel "Giannina B.", Bottero Enterprises, Inc.,* and *Gian D.R. Bottero,* CA 76–4517–S. SNEPCA also commenced proceedings to foreclose the real estate mortgages in the Massachusetts Superior Court in 1977. Bottero resisted all of the foreclosure actions. Pursuant to orders of the federal district court and the state superior court, however, foreclosure of the ship and real estate mortgages were approved and proceeded to sale.

Subsequently, the federal action relating to the ship mortgages was joined with a third party action involving boat storage charges and alleged damages during the storage. Bottero's final amended answer and counterclaim, filed during trial, stated five counterclaims against SNEPCA. Bottero alleged, *inter alia,* breach of contract and misrepresentation and deceit in inducing it to pledge its real estate as security for the loan. In its order of July 3, 1980, the district court found for SNEPCA on the counterclaims and ruled that SNEPCA was entitled to the proceeds of the sale of the ships and to a deficiency judgment against Bottero in the amount of $106,206, plus costs but without interest.

The present diversity action was commenced November 8, 1983. In Count I of its complaint, Bottero alleged that SNEPCA's failure to furnish stock certificates, annual reports, and/or dividends and an opportunity to redeem the mortgages constituted a breach of contract, breach of express and implied warranties, fraud, deceit, and unfair trade practices. In Count

---

1. **Requisite ownership of stock or participation certificates**

(f) Each borrower from the association shall be required to own at the time the loan is made voting stock or participation certificates as provided in the bylaws of the association, in an amount equal in fair book value (not exceeding par or face amount, as the case may be), as determined by the association, to $5 per $100 or fraction thereof of the amount of the loan. Such stock and participation certificates shall not be canceled or retired upon payment of the loan or otherwise except as may be provided in the bylaws. Notwithstanding any other provision of this section, for a loan in which an association participates with a commercial bank or other financial institution other than a Federal intermediate credit bank or another production credit association, the requirement that the borrower own stock or participation certificates shall apply only to the portion of the loan which is retained by the association.

II, Bottero claimed that SNEPCA failed to fulfill its duty of reasonable care in scheduling and advertising the auction sale of the real estate.

 We agree with the district court that Bottero's first claim was barred because it was a compulsory counterclaim that should have been brought in the prior action. The court correctly ruled that the stockholder issues arose out of the same loan transactions that were the basis of the earlier suit. As such, the district court had ancillary jurisdiction[2] over the counterclaims and an independent jurisdictional basis was not required. The district court properly ruled that neither Federal Rule of Civil Procedure 13(a)(2) nor Rule E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims afforded plaintiff relief.

 The district court's ruling in favor of SNEPCA on the negligent foreclosure claim must also be affirmed. Bottero summarily alleged that SNEPCA violated Mass.Gen.L. ch. 244, § 14, in the manner in which it advertised the foreclosure sale. The affidavit submitted by SNEPCA's attorney to the Massachusetts Superior Court dated January 16, 1978, included a copy of the advertisement. *See* App. at 429–30. Bottero failed to make any specific allegations as to how SNEPCA failed to comply with § 14, and none are evident to us. Accordingly, we hold that § 14 was not violated.

 Bottero also claims that the district court erred in stating that "Bottero has not alleged bad faith" and that, because its complaint did allege bad faith, the district court's grant of summary judgment must be set aside. Although the district court did err in stating that Bottero's complaint did not allege bad faith, this error is of no consequence because the court specifically found, "nor could I find a genuine issue as to SNEPCA's good faith. Further, there is no genuine issue as to whether there were

improprieties in the conduct of the sale itself." Our review of the record has disclosed nothing that could fairly be construed to indicate that SNEPCA breached its duty of good faith or conducted the sales with less than commercial reasonableness.

*Affirmed.* Costs awarded to appellee.

---

**2.** A federal district court in the exercise of its admiralty jurisdiction has the power to hear related state-law claims to the same extent that it has in the exercise of its civil jurisdiction.

*See Leather's Best, Inc. v. S.S. Mormaclynx,* 451 F.2d 800, 810–11 (2d Cir.1971) (Friendly, J.); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1465 at 349–50 (1971 & Supp.1984).