ANTILLES INSURANCE
COMPANY, Plaintiff,

v.

M/V ABITIBI CONCORD, et
al., Defendants.

Civ. No. 88–1596 HL.

United States District Court,
D. Puerto Rico.

Feb. 1, 1991.

---

José A. Fuentes Agostini, Old San Juan, P.R., for Antilles Ins. Co.

Keith Graffam, Cordero, Miranda & Pinto, Old San Juan, P.R. by Dario Rivera Carrasquillo, for Puerto Rico Ports Authority & Island Stevedoring, Inc.

José E. Otero, Irizarry & Otero Law Offices, Francisco G. Bruno, Sweeting, Glez & Cestero, San Juan, P.R., for International Shipping Agency, Inc.

## OPINION AND ORDER

LAFFITTE, District Judge.

This action is before the Court on defendant International Shipping Agency, Inc.'s ("Intership") motion to dismiss for lack of subject matter jurisdiction. Defendant's motion raises the issue of whether there is pendent party jurisdiction in admiralty cases in light of the Supreme Court's holding in *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). The question raised is a matter of first impression in this Circuit.

## BACKGROUND

Plaintiff Antilles Insurance Company ("Antilles") brought this action for cargo damage alleging admiralty jurisdiction under 28 U.S.C. § 1333. On September 11, 1987, two thousand and fifty two rolls of newsprint paper were loaded on board the M/V ABITIBI CONCORD in Newfoundland, to be delivered to consignee El Nuevo Día in San Juan, Puerto Rico. Upon arrival in San Juan, the rolls were unloaded from the M/V ABITIBI CONCORD by co-defendant Island Stevedoring, Inc. Unable to store the cargo at its own facilities, El Nuevo Día rented part of a warehouse at Pier 11 from defendant Intership.

Plaintiff claims that the rolls of newsprint paper were damaged either en route from Newfoundland to Puerto Rico, and, or, while stored in the warehouse. Defendant Intership moves to dismiss the claim against it, alleging that the contractual relationship between Intership and El Nuevo Día is non-maritime in nature and not within admiralty jurisdiction. Plaintiff seems to concede this issue, but argues that pendent party jurisdiction should be asserted over defendant Intership.

## DISCUSSION

It is clear that Intership was solely responsible, if at all, for the storage of the cargo on land, not for the transport. The First Circuit has expressly ruled that "contracts involving cargo are maritime only to the extent the cargo is on a ship or being loaded on or off the ship." *Luvi Trucking v. Sea–Land Service, Inc.,* 650 F.2d 371 (1st Cir.1981). A contract solely to store cargo is not within admiralty jurisdiction. *Id.* Plaintiff's claim against Intership thus

is not a maritime claim but a state claim arising under the law of Puerto Rico. Moreover, because plaintiff and Intership are both citizens of Puerto Rico, there is no diversity of citizenship to serve as an independent ground for subject matter jurisdiction. The only other basis for jurisdiction over the claim against Intership might be pendent party jurisdiction.

■ Under the doctrine of pendent party jurisdiction, federal courts may exercise jurisdiction over a party, not otherwise subject to federal jurisdiction, if the state claims against him are related to federal claims properly asserted against other defendants in the case. In light of the Supreme Court's decision in *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), we must determine if pendent party jurisdiction is still available in admiralty cases. First, though, we will examine the doctrine of pendent party jurisdiction as it existed pre-*Finley*.

Under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court established that district courts have the power, under Article III of the Constitution, to exert pendent jurisdiction over state claims if 1) the state and federal claims derive from a common nucleus of operative facts such that the plaintiff would ordinarily be expected to try all the claims in a single judicial proceeding; and 2) there is a substantiality of federal issues. *Id.* 86 S.Ct. at 1138–39.

Moreover, to warrant the exercise of pendent jurisdiction on a party over which the court has no independent jurisdiction, the plaintiff must overcome additional hurdles. Plaintiff must demonstrate that Congress, in the statutes conferring jurisdiction, has not expressly or by implication negated its existence over this particular party. *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). And finally, discretion lies with the court to determine whether, in the considerations of "judicial economy, convenience and fairness to litigants", pendent party jurisdiction should be exercised. *Gibbs* 86 S.Ct. at 1139.

This multi-tiered analysis was applied by the Second Circuit in a notable admiralty case, *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800 (2d Cir.1971), where pendent party jurisdiction was exerted.[1] The First Circuit followed this lead, although only in dicta, stating that, "[a] federal district court in the exercise of its admiralty jurisdiction has the power to hear related state-law claims to the same extent that it has in the exercise of its civil jurisdiction." *Bottero Enter. v. So. New England Prod. Cr.*, 743 F.2d 57, 59 n. 2 (1st Cir.1984), citing *Leather's Best*, 451 F.2d 800. *See also, Muratore v. M/S Scotia Prince*, 656 F.Supp. 471 (D.Me.1987), *aff'd*, 845 F.2d 347 (1st Cir.1988).

■ With the advent of the Supreme Court's decision in *Finley*, however, the doctrine of pendent party jurisdiction in admiralty or civil actions needs to be reexamined. In *Finley*, the Supreme Court held that pendent party jurisdiction may not be asserted when the action is brought under the Federal Tort Claims Act. The *Gibbs* requirements of a common nucleus of operative fact and judicial economy are alone insufficient to exert pendent party jurisdiction. *Id.* at 2008. The Court accepted that pendent party jurisdiction is within the Article III grant of judicial power, however, the Court concluded that pendent party jurisdiction is available only if the statute providing federal jurisdiction over the primary claim can also be interpreted as *specifically* conferring jurisdiction over other claims against additional parties. *Id.* at 2008–2009 (emphasis provided).

In the wake of *Finley*, some courts have chosen a very restrictive interpretation of pendent party jurisdiction, *see, e.g., Staffer v. Bouchard Transp. Co.*, 878 F.2d 638, 643 n. 5 (2nd Cir.1989) ("pendent party jurisdiction apparently is no longer a viable concept"), whereas others, including this

---

1. In *National Res. Trading v. Trans Freight Lines, Etc.*, 766 F.2d 65, 68 (2nd Cir.1985), the Second Circuit considered whether the Supreme Court's decision in *Aldinger* affected the *Leather's Best* holding, and concluded that *Aldinger* "has not foreclosed pendent party jurisdiction at least in circumstances where jurisdiction over the federal claim is exclusive."

circuit, have been slightly more expansive, *see Rodriguez v. Comas*, 888 F.2d 899, 905–06 (1st Cir.1989) (in a § 1983 action, plaintiff's wife asserting state law claim could be added as pendent party plaintiff). The First Circuit, however, has yet to rule on the issue of whether pendent party jurisdiction is still available in admiralty cases. We look to the leading Second Circuit decision for guidance.

In *Roco Carriers, Ltd. v. M/V Nurnberg Exp.*, 899 F.2d 1292 (2nd Cir.1990), the Court undertook a *Finley* statutory analysis, and compared the elements of admiralty jurisdiction with that of the Federal Tort Claims Act, looking at the nature of the relevant statutory grants, the underlying policy in admiralty jurisdiction of permitting maritime claims to be resolved in a single setting, and most importantly, the language of the statutes. *Id.* at 1295–96. The Court stated that "while the FTCA confers jurisdiction over claims 'against the United States and no one else,' admiralty jurisdiction extends to an entire case, including non-admiralty claims against a second defendant." *Id.* at 1296 (citation omitted). The Court concluded that, "[i]n light of the broadly worded jurisdictional grant over admiralty cases and 'the strong admiralty policy in favor of providing efficient procedures for resolving maritime disputes,' we see no reason at this juncture to depart from the established rule of this Circuit that pendent party jurisdiction is available in the unique area of admiralty." *Id.* at 1297 (citation omitted). *See also, Seguros Illimani S.A. v. M/V POPI P*, 735 F.Supp. 108, 109–10 (1990).

■ In view of this Circuit's relatively liberal interpretation of *Finley* in the context of civil cases, *see Rodriguez*, 888 F.2d at 905–06 [2], and with the guidance of the *Roco* decision, this Court also sees no reason to depart from the established rule in this Circuit that pendent party jurisdiction is available in admiralty cases. We now look to see if pendent party jurisdiction should be asserted over defendant Intership in the case at bar.

■ Applying the *Gibbs* test of whether the state and federal claims derive from a common nucleus of operative facts, we hold that the complaint does indicate a commonality. The factual question presented is whether the damage to the cargo occurred while in transit from Newfoundland to Puerto Rico and, or, while in storage on land. It is clear that a plaintiff would ordinarily be expected to try the claims in this case in one proceeding.[3] *See Roco Carriers*, 899 F.2d 1292 (addressing the same factual issue of whether the damages occurred on land or on board the ship). *See also, Leather's Best*, 451 F.2d at 809–811.

There remains the final question as to whether this is an appropriate case for the court, in the exercise of its discretion, to assert jurisdiction over defendant Intership. In consideration of judicial economy and in fairness to all parties, it would be desirable to have the claims tried in the same forum so as to avoid problems of double recovery or conflicting judgments. Thus, we see no basis for declining jurisdiction at this juncture.

WHEREFORE, defendant Intership's motion to dismiss for lack of jurisdiction is hereby DENIED.

---

**2.** *Compare Figueroa v. Molina*, 725 F.Supp. 651 (D.P.R.1989) (after dismissal of § 1983 claim against defendant, court lacked pendent party jurisdiction over state law claims against same defendant).

**3.** It is not difficult to imagine a scenario where, if the claims were tried in separate actions, the state action defendant would place blame on the admiralty defendant, and vice-versa, leaving neither defendant liable.