**PONCE FEDERAL BANK, F.S.B., Plaintiff, Appellee,**

v.

**The VESSEL "LADY ABBY", et al., Defendants, Appellees.**

**Cristobal Burgos Rodriguez, Defendant, Appellant.**

**No. 92–1413.**

United States Court of Appeals, First Circuit.

Heard Sept. 9, 1992.

Decided Nov. 25, 1992.

---

Eli B. Arroyo with whom Miguel E. Miranda–Gutierrez and Figueroa–Morales & Chaves–Caraballo Law Offices, were on brief, for defendant, appellant.

Francisco A. Besosa with whom Miguel J. Rodriguez–Marxuach and Goldman Antonetti Ferraiuoli & Axtmayer, were on brief, for plaintiff, appellee, Ponce Federal Bank, F.S.B.

Before BREYER, Chief Judge, ALDRICH, Senior Circuit Judge, and BOUDIN, Circuit Judge.

BREYER, Chief Judge.

Ponce Federal Bank brought an *in rem* action in admiralty to foreclose its mortgage on a ship, the "Lady Abby." It added an *in personam* claim, under the law of Puerto Rico, for a deficiency judgment against the Lady Abby's current possessor, Cristobal Burgos. Burgos had bought the ship from the borrowers; he had promised the borrowers he would keep up the mortgage payments; and, he had failed to do so. The district court granted the deficiency judgment. 780 F.Supp. 878. Burgos appeals. We affirm the district court.

## I

### *Jurisdiction*

■ Burgos argues that the district court did not have jurisdiction to enter a judgment against him. He points out that the Bank originally brought an admiralty claim against the ship, not against him. He adds that there was no diversity jurisdiction, 28 U.S.C. § 1332, and that the claim against him did not arise under federal law. 28 U.S.C. § 1331. A special "ship mortgage" statute seems to provide jurisdiction for a mortgagee to obtain a deficiency judgment from a *borrower*, but it says nothing about one who buys a ship from a borrower. *See* 46 U.S.C. § 951, *amended by* 46 U.S.C. § 31325(b)(2). Where then, he asks, did Congress authorize the admiralty court's exercise of jurisdiction over him? *See, e.g., The Mayor v. Cooper*, 73 U.S. (6 Wall.) 247, 252, 18 L.Ed. 851 (1868) ("[T]wo things are necessary to create jurisdiction.... The Constitution must have given the court the capacity to take it, and an act of Congress must have supplied it.").

The answer to this question has four parts. First, Congress has granted federal district courts "original jurisdiction" over 1) any "civil case of admiralty or maritime

jurisdiction," 28 U.S.C. § 1333; and 2) "suits" or "civil action[s]" brought to enforce a "preferred mortgage ... lien" (i.e., a ship mortgage lien) on a mortgaged vessel. 46 U.S.C. § 951, *amended by* 46 U.S.C. § 31325.

Second, courts have traditionally read jurisdictional statutes of this kind (at least in admiralty) as granting admiralty courts "pendent party" jurisdiction, a jurisdiction that permits the court hearing the admiralty claim to hear another, closely related claim against a person not otherwise a party in the case. *See, e.g., Roco Carriers, Ltd. v. M/V NURNBERG EXPRESS*, 899 F.2d 1292, 1295 (2d Cir.1990) (citing cases).

■ Third, a non-federal claim against such a person is sufficiently related to permit the assertion of pendent party jurisdiction if

the state law claim against the additional party arises out of a common nucleus of operative facts with the admiralty claim and the resolution of the factually connected claims in a single proceeding would further the interests of conserving judicial resources and fairness to the parties.

*Id.*

Fourth, the claim is so related here. The Bank's mortgage-foreclosure admiralty claims and its Puerto Rico law mortgage-deficiency claims involve a "common nucleus of operative facts." A "single proceeding" to decide both seems eminently fair. And, the consolidation of the proceedings in the admiralty court helps to conserve judicial resources, for otherwise the Bank would have to bring separate legal actions in federal and local courts to collect the money due. *See* 46 U.S.C. § 951, *amended by* 46 U.S.C. § 31325(c) (giving federal courts *exclusive* jurisdiction over ship-mortgage foreclosure claims).

The upshot is that this case falls well within the bounds of relevant legal authority permitting an admiralty court to assert "pendent party" jurisdiction. *See, e.g., Brown v. Trustees of Boston University*, 891 F.2d 337, 355–56 (1st Cir.1989), *cert. denied*, 496 U.S. 937, 110 S.Ct. 3217, 110

L.Ed.2d 664 (1990); *Rodriguez v. Comas*, 888 F.2d 899, 903–05 (1st Cir.1989).

The appellant's single significant argument is that we must ignore this authority because of the Supreme Court's fairly recent decision in *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). The Supreme Court, in that case, cautioned against reading jurisdictional statutes broadly to confer "pendent party" jurisdiction. *See id.* at 547–48, 109 S.Ct. at 2005–06. It considered a federal tort claim statute that granted the federal courts "exclusive jurisdiction of civil actions on claims against the United States." 28 U.S.C. § 1346(b). And, it held that this statute did *not* authorize a federal court, hearing a federal law accident claim against the United States, also to hear a state law tort claim, arising out of the same accident, but against a person not otherwise a party in the federal case. *See Finley*, 490 U.S. at 555–56, 109 S.Ct. at 2010. Congress yet more recently has passed a statute that overturns *Finley*. 28 U.S.C. § 1367. But, that statute does not directly apply to this, post-*Finley*, pre-statute, case.

We do not agree, however, that *Finley* requires a different result in this case. Other circuits have distinguished between *Finley*'s statutory context (a statute that waived sovereign immunity) and jurisdictional statutes related to admiralty. *See Roco Carriers*, 899 F.2d at 1295–97; *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1345–47 (5th Cir.1991) (following *Roco*); *see also Antilles Ins. Co. v. M/V ABITIBI CONCORD*, 755 F.Supp. 42, 45 (D.P.R. 1991) (same); *cf. Rodriguez v. Comas*, 888 F.2d at 905–06 (distinguishing *Finley* from a Section 1983 case). They have pointed out that, traditionally, courts have interpreted waivers of sovereign immunity narrowly; yet, traditionally, they have also interpreted assertions of admiralty jurisdiction more broadly (given needs for uniformity and expedition, and broad statutory language, such as that granting jurisdiction over any admiralty "civil case"). *See Roco Carriers*, 899 F.2d at 1295–97; *Loeber*, 924 F.2d at 1345–47; *see also Antilles*, 755 F.Supp. at 45. And, they have conclud-

ed that, despite *Finley,* and even without the new statute, in admiralty pendent party jurisdiction still lives in very much the same form as we have applied it here. *See Roco Carriers,* 899 F.2d at 1295–97; *Loeber,* 924 F.2d at 1346–47; *see also Antilles,* 755 F.Supp. at 45.

In our view, it would make "no sense," particularly in light of these recent cases, "to give an expansive reading to *Finley* to reach a result that Congress has deliberately repudiated for future cases." 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3567.2 at 31 (1992 Supp.) (referring to 28 U.S.C. § 1367). We therefore follow the precedent of other circuits and hold that the district court lawfully asserted "pendent party" jurisdiction in this case.

## II

### The Deficiency Claim

■ In his contract buying the Lady Abby from its prior owners, Burgos promised "immediately [to] carry out the payment of the (3) due monthly installments that are owed to the Ponce Federal Bank," and to "assume the pending balance of the referred account." Burgos argues, however, that he made this promise to the ship's sellers, not to the Bank, and that he was never "substituted" for the sellers as the debtor to the initial promissory note.

Whether or not the sale contract achieved a technical "substitution," relieving the sellers of liability to the Bank, is irrelevant to whether Burgos is liable to the Bank. Puerto Rico's contract law, recognizing the claims of third-party beneficiaries, provides:

should the contract contain any stipulation in favor of a third person, he may demand its fulfillment, provided he has given notice of his acceptance to the person bound before it may have been revoked.

31 L.P.R.A. § 3374. The contract before us contains a "stipulation in favor of a third person," namely the Bank. By bringing this lawsuit, the Bank has "demand[ed] its fulfillment." And, the filing of the complaint, and later proceedings, would seem adequate "notice of" the Bank's "acceptance." *See A.L. Arsuaga, Inc. v. La Hood Constructors, Inc.,* 90 P.R.R. 101, 107–08 (1964). Consequently, the court's judgment of liability is lawful.

## III

### The Borrowers' Cross–Claim

■ We turn to a final appellate claim resting upon a matter that, in order to simplify the discussion, we have not yet mentioned. The Bank brought its deficiency claims not only against Burgos, but also against the borrowers themselves. *See* 46 U.S.C. § 951, *amended by* 46 U.S.C. § 31325(b)(2). The borrowers asserted a cross-claim against Burgos. And, the district court, agreeing with the borrowers, ordered Burgos to reimburse the borrowers for any deficiency payment they might make to the Bank. Burgos appeals this judgment, too. He argues that the court did not have the legal power to permit the borrowers to assert that claim against Burgos.

Both the borrowers and Burgos, however, were properly made parties in this case. A federal statute specifically permitted the Bank to make the borrowers parties in the case, 46 U.S.C. § 951, *amended by* 46 U.S.C. § 31325(b)(2); and, for the reasons set out in Section I above, Burgos, too, was a proper party. Fed.R.Civ.P. 13(g) permits one party to an action to assert a cross-claim against another party as long as the cross-claim arises "out of the transaction or occurrence that is the subject matter … of the original action." The Bank's original claim against the "Lady Abby" rests on a mortgage; and the Bank's and the borrowers' claims against Burgos arise out of a contract in which Burgos agreed to make payments on that mortgage. These claims are closely related, satisfying Rule 13(g), as well as the "pendent" jurisdiction requirements. *See* 6 Wright, Miller & Kane, *supra,* § 1433 at 253–57.

The judgment of the district court is

*Affirmed.*