USCA1 Opinion

 

 November 25, 1992 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 92-1413 PONCE FEDERAL BANK, F.S.B., Plaintiff, Appellee, v. THE VESSEL "LADY ABBY", ET AL., Defendants, Appellees. ____________________ CRISTOBAL BURGOS RODRIGUEZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Aldrich, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Eli B. Arroyo with whom Miguel E. Miranda-Gutierrez and Figueroa- _____________ ___________________________ _________ Morales & Chaves-Caraballo Law Offices were on brief for appellant. ______________________________________ Francisco A. Besosa with whom Miguel J. Rodriguez-Marxuach and ____________________ __________________________________ Goldman Antonetti Ferraiuoli & Axtmayer were on brief for appellee, ________________________________________ Ponce Federal Bank, F.S.B. ____________________ ____________________ BREYER, Chief Judge. Ponce Federal Bank brought ___________ an in rem action in admiralty to foreclose its mortgage on a ______ ship, the "Lady Abby." It added an in personam claim, under ___________ the law of Puerto Rico, for a deficiency judgment against the Lady Abby's current possessor, Cristobal Burgos. Burgos had bought the ship from the borrowers; he had promised the borrowers he would keep up the mortgage payments; and, he had failed to do so. The district court granted the deficiency judgment. Burgos appeals. We affirm the district court. I Jurisdiction ____________ Burgos argues that the district court did not have jurisdiction to enter a judgment against him. He points out that the Bank originally brought an admiralty claim against the ship, not against him. He adds that there was no diversity jurisdiction, 28 U.S.C. 1332, and that the claim against him did not arise under federal law. 28 U.S.C. 1331. A special "ship mortgage" statute seems to provide jurisdiction for a mortgagee to obtain a deficiency judgment from a borrower, but it says nothing about one who buys a ________ ship from a borrower. See 46 U.S.C. 951, amended by 46 ___ __________ U.S.C. 31325(b)(2). Where then, he asks, did Congress authorize the admiralty court's exercise of jurisdiction over him? See, e.g., The Mayor v. Cooper, 73 U.S. (6 Wall.) ___ _____ _________ ______ 247, 252 (1868) ("[T]wo things are necessary to create jurisdiction . . . . The Constitution must have given the court the capacity to take it, and an act of Congress must have supplied it."). The answer to this question has four parts. First, Congress has granted federal district courts "original jurisdiction" over 1) any "civil case of admiralty or maritime jurisdiction," 28 U.S.C. 1333; and 2) "suits" or "civil action[s]" brought to enforce a "preferred mortgage . . . lien" (i.e., a ship mortgage lien) on a mortgaged vessel. 46 U.S.C. 951, amended by 46 U.S.C. __________ 31325. Second, courts have traditionally read jurisdictional statutes of this kind (at least in admiralty) as granting admiralty courts "pendent party" jurisdiction, a jurisdiction that permits the court hearing the admiralty claim to hear another, closely related claim against a person not otherwise a party in the case. See, e.g., Roco ___ ____ ____ Carriers, Ltd. v. M/V Nurnberg Express, 899 F.2d 1292, 1295 ______________ _____________________ (2d Cir. 1990) (citing cases). -3- 3 Third, a non-federal claim against such a person is sufficiently related to permit the assertion of pendent party jurisdiction if the state law claim against the additional party arises out of a common nucleus of operative facts with the admiralty claim and the resolution of the factually connected claims in a single proceeding would further the interests of conserving judicial resources and fairness to the parties. Id. ___ Fourth, the claim is so related here. The Bank's mortgage-foreclosure admiralty claims and its Puerto Rico law mortgage-deficiency claims involve a "common nucleus of operative facts." A "single proceeding" to decide both seems eminently fair. And, the consolidation of the proceedings in the admiralty court helps to conserve judicial resources, for otherwise the Bank would have to bring separate legal actions in federal and local courts to collect the money due. See 46 U.S.C. 951, amended by 46 ___ __________ U.S.C. 31325(c) (giving federal courts exclusive _________ jurisdiction over ship-mortgage foreclosure claims). The upshot is that this case falls well within the bounds of relevant legal authority permitting an admiralty court to assert "pendent party" jurisdiction. See, e.g., ___ ____ Brown v. Trustees of Boston University, 891 F.2d 337, 355-56 _____ _____________________________ -4- 4 (1st Cir. 1989), cert. denied, 496 U.S. 937 (1990); ______________ Rodriguez v. Comas, 888 F.2d 899, 903-05 (1st Cir. 1989). _________ _____ The appellant's single significant argument is that we must ignore this authority because of the Supreme Court's fairly recent decision in Finley v. United States, ______ _____________ 490 U.S. 545 (1989). The Supreme Court, in that case, cautioned against reading jurisdictional statutes broadly to confer "pendent party" jurisdiction. See id. at 547-48. It ___ ___ considered a federal tort claim statute that granted the federal courts "exclusive jurisdiction of civil actions on claims against the United States." 28 U.S.C. 1346(b). And, it held that this statute did not authorize a federal ___ court, hearing a federal law accident claim against the United States, also to hear a state law tort claim, arising out of the same accident, but against a person not otherwise a party in the federal case. See Finley, 490 U.S. at 555- ___ ______ 56. Congress yet more recently has passed a statute that overturns Finley. 28 U.S.C. 1367. But, that statute does ______ not directly apply to this, post-Finley, pre-statute, case. ______ We do not agree, however, that Finley requires a ______ different result in this case. Other circuits have distinguished between Finley's statutory context (a statute ______ that waived sovereign immunity) and jurisdictional statutes -5- 5 related to admiralty. See Roco Carriers, 899 F.2d at 1295- ___ _____________ 97; Loeber v. Bay Tankers, Inc., 924 F.2d 1340, 1345-47 (5th ______ _________________ Cir. 1991) (following Roco); see also Antilles Ins. Co. v. ____ ___ ____ __________________ M/V Abitibi Concord, 755 F. Supp. 42, 45 (D.P.R. 1991) _____________________ (same); cf. Rodriguez v. Comas, 888 F.2d at 905-06 ___ _________ _____ (distinguishing Finley from a Section 1983 case). They have ______ pointed out that, traditionally, courts have interpreted waivers of sovereign immunity narrowly; yet, traditionally, they have also interpreted assertions of admiralty jurisdiction more broadly (given needs for uniformity and expedition, and broad statutory language, such as that granting jurisdiction over any admiralty "civil case"). See ___ Roco Carriers, 899 F.2d at 1295-97; Loeber, 924 F.2d at _____________ ______ 1345-47; see also Antilles, 755 F. Supp. at 45. And, they ___ ____ ________ have concluded that, despite Finley, and even without the ______ new statute, in admiralty pendent party jurisdiction still lives in very much the same form as we have applied it here. See Roco Carriers, 899 F.2d at 1295-97; Loeber, 924 F.2d at ___ _____________ ______ 1346-47; see also Antilles, 755 F. Supp. at 45. ___ ____ ________ In our view, it would make "no sense," particularly in light of these recent cases, "to give an expansive reading to Finley to reach a result that Congress ______ has deliberately repudiated for future cases." 13B Charles -6- 6 A. Wright, Arthur R. Miller & Edward H. Cooper, Federal _______ Practice and Procedure 3567.2 at 31 (1992 Supp.) _________________________ (referring to 28 U.S.C. 1367). We therefore follow the precedent of other circuits and hold that the district court lawfully asserted "pendent party" jurisdiction in this case. II The Deficiency Claim ____________________ In his contract buying the Lady Abby from its prior owners, Burgos promised "immediately [to] carry out the payment of the (3) due monthly installments that are owed to the Ponce Federal Bank," and to "assume the pending balance of the referred account." Burgos argues, however, that he made this promise to the ship's sellers, not to the Bank, and that he was never "substituted" for the sellers as the debtor to the initial promissory note. Whether or not the sale contract achieved a technical "substitution," relieving the sellers of liability to the Bank, is irrelevant to whether Burgos is liable to the Bank. Puerto Rico's contract law, recognizing the claims of third-party beneficiaries, provides: should the contract contain any stipulation in favor of a third person, he may demand its fulfillment, provided he has given notice of his acceptance to the person bound before it may have been revoked. -7- 7 31 L.P.R.A. 3374. The contract before us contains a "stipulation in favor of a third person," namely the Bank. By bringing this lawsuit, the Bank has "demand[ed] its fulfillment." And, the filing of the complaint, and later proceedings, would seem adequate "notice of" the Bank's "acceptance." See A.L. Arsuaga, Inc. v. La Hood ___ _____________________ ________ Constructors, Inc., 90 P.R.R. 101, 107-08 (1964). ____________________ Consequently, the court's judgment of liability is lawful. III The Borrowers' Cross-Claim __________________________ We turn to a final appellate claim resting upon a matter that, in order to simplify the discussion, we have not yet mentioned. The Bank brought its deficiency claims not only against Burgos, but also against the borrowers themselves. See 46 U.S.C. 951, amended by 46 U.S.C. ___ __________ 31325(b)(2). The borrowers asserted a cross-claim against Burgos. And, the district court, agreeing with the borrowers, ordered Burgos to reimburse the borrowers for any deficiency payment they might make to the Bank. Burgos appeals this judgment, too. He argues that the court did not have the legal power to permit the borrowers to assert that claim against Burgos. -8- 8 Both the borrowers and Burgos, however, were properly made parties in this case. A federal statute specifically permitted the Bank to make the borrowers parties in the case, 46 U.S.C. 951, amended by 46 U.S.C. __________ 31325(b)(2); and, for the reasons set out in Section I above, Burgos, too, was a proper party. Fed. R. Civ. P. 13(g) permits one party to an action to assert a cross-claim against another party as long as the cross-claim arises "out of the transaction or occurrence that is the subject matter . . . of the original action." The Bank's original claim against the "Lady Abby" rests on a mortgage; and the Bank's and the borrowers' claims against Burgos arise out of a contract in which Burgos agreed to make payments on that mortgage. These claims are closely related, satisfying Rule 13(g), as well as the "pendent" jurisdiction requirements. See 6 Wright, Miller & Kane, supra, 1433 at 253-57. ___ _____ The judgment of the district court is Affirmed. ________ -9- 9