**POPULAR AUTO, LLC, Plaintiff,**

v.

**Francisco GUERRERO–RIVERA, Defendant.**

**Civil No. 13–1612 (PAD).**

United States District Court, D. Puerto Rico.

Signed Sept. 18, 2014.

Edelmiro Antonio Salas–Gonzalez, Pedro E. Ruiz–Melendez, Pedro E. Ruiz Law Office, PSC, San Juan, PR, for Plaintiff.

Israel O. Alicea–Luciano, San Juan, PR, for Defendant.

## OPINION AND ORDER

PEDRO A. DELGADO–
HERNÁNDEZ, District Judge.

Before the Court is defendant's "Motion to Dismiss," Docket No. 10, which plaintiff opposed at Docket No. 13. For the reasons explained below, defendant's motion is DENIED.

## I. *BACKGROUND*

Popular Auto, LLC filed this deficiency action in admiralty against Francisco Guerrero–Rivera pursuant to 46 U.S.C. § 951, as amended by 46 U.S.C. § 31325 (Docket No. 1). It contends that in 2012, Guerrero–Rivera executed a First Preferred Ship Mortgage ("Ship Mortgage") on the vessel M/V GOZADERA (the "vessel" or "GOZADERA"), to secure all obligations in the principal amount of $404.747.13, plus corresponding interests. *Id.* at ¶ 3.[1] Among the remedies available to the Mortgagee and Lender under the Ship Mortgage in the event of default is the retake and sale of the vessel, and entitlement "to collect any deficiency from Owner" (Docket No 1, Exh. 1, Article II, Section 4).

On December 5, 2012, Guerrero–Rivera voluntarily surrendered GOZADERA to Popular Auto and executed all relevant documentation to transfer title and ownership to Popular Auto over the vessel, including a "Voluntary Surrender Agreement." *Id.* at ¶ 13.[2] Thereafter, Popular Auto initiated efforts to sell the vessel to a third party. *Id.*[3] The sale was finally accomplished for less than what Guerrero–Rivera owed and Popular Auto sued him

for the deficiency in this Court. *Id.* at ¶¶ 15 and 17.

Guerrero–Rivera has moved to dismiss the complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(h)(3) (Docket No. 10). In essence, he contends that because he voluntarily surrendered the mortgaged vessel to Popular Auto, who sold it to a third party free of lien, this Court lacks jurisdiction under to Section 31325(b)(2), since the statute only provides jurisdiction over claims related to maritime lien. *Id.* at p. 2. In addition, he vaguely asserts that under the "Voluntary Surrender Agreement" he ceded to Banco Popular all rights, actions and title over the vessel without any additional action. *Id.* Finally, he accuses Popular Auto of using the federal system to facilitate the collection of a personal debt for which no admiralty jurisdiction exists, as the action is not tied to any vessel.

Popular Auto opposed defendant's request (Docket No. 13), asking the Court to reject as frivolous Guerrero–Rivera's claims. To that end, it argues that Section 31325(b)(2) not only allows lenders who finance the purchase of marine vessels to foreclose (*in rem*), but also to personally seek judgment against the debtor of the note securing the Maritime Mortgage by filing suit in civil action in federal court "for the amount of the outstanding indebtedness or **any deficiency in full payment of that indebtedness**" *Id.* at p. 2 (*quoting,* Section 31325(b)(2)(B))(emphasis in the original). Further, it contents that both the Ship Mortgage and the Voluntary Surrender Agreement signed by Guerrero–Rivera

---

**1.** Copy of the Ship Mortgage was attached as Exhibit 1 of the Complaint.

**2.** Copy of the Voluntary Surrender Agreement was attached as Exhibit IV of the Complaint. The certified translation of the same was submitted in Docket No. 4.

**3.** Copy of the Sales and Purchase Agreement was attached as Exhibit V of the Complaint. The certified translation of the same was submitted in Docket No. 4.

clearly provide that, even after selling the vessel, Guerrero–Rivera is responsible for any deficiency. *Id.* at p. 4. Lastly, it posits, the First Circuit rejected allegations like those of Guerrero–Rivera in *Barclays Bank PLC v. Poynter,* 710 F.3d 16 (2013).

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(1) states that a party may seek dismissal of an action for lack of subject matter jurisdiction. "When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States,* 620 F.3d 50, 54 (1st Cir.2010) *(citing Valentin v. Hosp. Bella Vista,* 254 F.3d 358, 363 (1st Cir. 2001)). If it appears to the court at any time that subject matter jurisdiction is lacking, the Court must dismiss the action. Fed.R.Civ.P. 12(h)(3); *see also McCulloch v. Vélez,* 364 F.3d 1, 5 (1st Cir.2004). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the Court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir.1996) and *Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc.,* 849 F.Supp.2d 240 (D.P.R.2012).

## III. DISCUSSION

Pursuant to Section 31325(b)(2) of Title 46 of the United States Code, on default of any term of the preferred mortgage, the mortgagee may, among other things:

> ... enforce a claim in federal court for the outstanding indebtedness secured by the mortgaged vessel in (A) a civil action *in personam* in admiralty against the mortgagor, maker, comaker, or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness; and (B) a civil action against the mortgagor, maker, comaker, or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness[.]

The Court need not tarry long to conclude that Guerrero–Rivera's contention to challenge jurisdiction in this case is contrary to the clear language of the statute, which allows for Popular Auto, as the mortgagee, to enforce in federal court a claim for the amount of the outstanding indebtedness or **any deficiency in full payment of that indebtedness.** *See, Barclays Bank,* 710 F.3d at 18 (Barclays Bank brought claim under the statute for the deficiency, after borrower defaulted and lender sold the yacht for less than borrower owed); *Ponce Federal Bank v. The Vessel "Lady Abby",* 980 F.2d 56, 57 (1st Cir.1992) (acknowledging the statute provides jurisdiction for a mortgagee to obtain a deficiency judgment from a borrower).

Likewise, a simple reading of both the Ship Mortgage and the Voluntary Surrender Agreement confirms that Guerrero–Rivera agreed that, even after selling the vessel to a third party, he would still be responsible to Popular Auto, not only for any deficiency regarding the debt, but for payment of all expenses incurred in the recovery, possession, maintenance, repair, and sale or disposition of the vessel. (Docket No. 4, Exh. 1 at § 4 and Docket No. 1, Article II, Section 4). Guerrero–Rivera has not directed the Court to any portion of the relevant documents that would support his position, nor provided legal authority in support of the same.

## IV. CONCLUSION

For the reasons stated, Guerrero–Rivera's "Motion to Dismiss" at Docket No. 10

is DENIED. An Order for a Joint Proposed Schedule will follow.

**SO ORDERED.**

