**Providencia ALVAREZ TORRES, et al., Plaintiff,**

v.

**HOSPITAL RYDER MEMORIAL, INC. et al., Defendant.**

**Civil No. 03–1041(DRD).**

United States District Court, D. Puerto Rico.

March 17, 2004.

Jose Luis Ubarri–Garcia, Brown & Ubarri, San Juan, PR, for Plaintiffs.

Teresa M. Garcia–Moll, Teresa M. Garcia Moll Law Office, Jorge F. Freyre–Forest, Pinto–Lugo, Oliveras & Ortiz, PS, Ivan Dominguez–Perez, Dominguez Law Office, Jose A. Gonzalez–Villamil, Gonzalez Villamil Law Office, Jose O. Ramos–Gonzalez, Ramos Gonzalez & Toyos Olascoaga, Jose A. Miranda–Daleccio, Pedro J. Cordova–Pelegrina, Roberto A. Fernandez–Quiles, Gonzalez Castaner & Morales Cordero Law Office, San Juan, PR, Jose A. Iguina–De–La–Rosa, Martinez–Texidor & Fuster, Ponce, PR, for Defendants.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

The above captioned case is a civil complaint filed by a patient and relatives alleging federal law violations under The Medical Treatment and Active Labor Act, ("EMTALA"), commonly known as the "Patient anti Dumping Act." 42 U.S.C. § 1395dd, against Ryder Memorial Hospital, Inc. and a co-defendant who provided medical services, Dr. Juan Román González López and the Conjugal Partnership with his wife. Other physicians and insurance companies were also sued. Plaintiffs alleged that he arrived at the hospital with an emergency. The plaintiff alleges various causes of actions against the hospital relating to EMTALA: failure to screen, failure to stabilize, and failure to transfer.

Dr. Juan Ramon Gonzales alleges via Motion to Dismiss that there is no cause of action against him under EMTALA because the law focuses on the hospitals and not the doctors. The court construes the request under Fed.R.Civ.P. 12(b)(6), (Docket No. 25, 27). Plaintiffs have opposed the request alleging that their action is not under EMTALA but under Art. 1802 of the Civil Code of Puerto Rico, 31 P.R. Laws Ann. 5141, and request the court to exercise jurisdiction under Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367(a). The court holds that there is no cause of action under EMTALA but accepts that parties may be joined even if there is no independent source of federal jurisdiction as to them based on the fact that they form part of "the same case or controversy under Article III of the Constitution." The court explains.

### I.

When deciding a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded factual claims, and indulge all reasonable inferences in plaintiff's favor. *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996). Furthermore, a dismissal under Federal Rule of Civil Procedure 12(b)(6), is appropriate if the facts alleged, taken as true, do not justify recovery.

*Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). In order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.* 851 F.2d 513, 515 (1st Cir.1988). However, although all inferences must be made in plaintiff's favor, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson,* 83 F.3d at 3. Moreover, when considering a motion to dismiss under Rule 12(b)(6) the Court must limit its focus to the allegations of the complaint. *Litton Indus., Inc. v. Colon,* 587 F.2d 70, 74 (1st Cir.1978). Specifically, the inquiry should be "whether a liberal reading of [the complaint] can reasonably admit of a claim...." *Id.; see also Doyle,* 103 F.3d at 190.

In *Wagner v. Devine,* 122 F.3d 53 (1st Cir.,1997), the First Circuit held that a trial court must first "affirm a dismissal for failure to state a claim only if it clearly appears that, on the facts alleged, the plaintiff cannot recover on any viable theory." Id at 55. The Supreme Court has explained that:

> [i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80(1957).

With this standard in mind, all the facts alleged in the complaint are accepted as true. See *Dartmouth Review v. Dartmouth College,* 889 F.2d 13,16 (1st Cir., 1989).

## II

The court harbors no doubt that there is no cause of action against physicians under EMTALA, see generally District Judge Casellas' Opinion in *Lebron v. Ashford Presbyterian Community Hospital,* 995 F.Supp. 241 (D.P.R.1998) (including compendium of cases). Notwithstanding that the First Circuit Court of Appeals has not solved the controversy, all circuits deciding the issue have handily rejected a cause of action against physicians under EMTALA. See *Eberhardt v.City of Los Angeles,* 62 F.3d 1253 (9th Cir.1995); *King v. Ahrens,* 16 F.3d 265 (8th Cir.1994); *Delaney v. Cade,* 986 F.2d 387 (10th Cir. 1993); *Baber v. Hospital Corp. of America,* 977 F.2d 872, 879 (4th Cir.1992); *Gatewood v. Washington Healthcare Corp.,* 933 F.2d 1037 (D.C.Cir.1991).

> The statute's legislative history makes it clear that, far from intending to allow patients to sue doctors, Congress intentionally limited patients to suits against hospitals." *Baber,* 977 F.2d at 877.

In the instant case there is no federal jurisdiction over the defendants doctors but there is also no doubt that the claims against the doctors in the instant case "are so related to claims in the action within such original jurisdiction that they form part of the same case and controversy," 28 U.S.C.A. § 1367. The issue framed under supplemental jurisdiction is the following: "[B]ut suppose there is some additional party in the case against whom the state claim, but not the federal claim, runs. Could pendent or ancillary jurisdiction be used to support the state claim against that party even thought that party was not subject to the federal claim?" This is known as "pendent party jurisdiction." David D. Siegel, Practice Commentary, "The 1990 Adoption of § 1367, codifying "Supplemental" Jurisdiction," 28 U.S.C.A. § 1367, West Publishing, 1993, p. 829–838.

Pendent party jurisdiction was rejected by the Supreme Court in the case of *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989); *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). The Supreme Court held in these cases that Congress had the power to constitutionally establish pendent party jurisdiction but Congress had not expressly activated the directive. However in 1990 Congress added a last sentence at Subdivision (a) of § 1367, providing that "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

█ The author of the Commentary at 28 U.S.C.A. § 1367, David D. Siegel, concluded that "with the last sentence, *Finley* and *Aldinger* are overruled and pendent party jurisdiction is allowed but with the big proviso in diversity cases as provided in Subdivision (b) of § 1367." The article of David D. Siegel is based on a review of the legislative history of the 1990 amendments to the Supplemental Jurisdiction law, known as The Judicial Improvement Act of 1990 (Pub.L.101–650). Since the instant case is **not** a diversity claim but a federal question under 28 U.S.C.A. 1331, the court may exercise jurisdiction over parties even though that party was not subject to the federal claim, if the claims form part of the same case and controversy.

█ Erwin Chemerinski in Federal Jurisdiction, 4th Edition, Aspen Publishers 2003, p. 338–341, agrees with the conclusions set forth above by David D. Siegel. "... Pendent party jurisdiction[1] is the authority of the federal court to hear claims against additional parties, over which it would not otherwise have jurisdiction because these claims arise from a common nucleus of operative facts ... if [for example] a plaintiff brings federal claim against one defendant and a state law claim, arising from the same set of facts, against a second defendant, may the federal court entertain the same [notwithstanding that the court would not otherwise have jurisdiction over the second defendant] ...

... The 1990 Act was specifically intended to overrule Finley v. United States, where the Supreme Court held that pendent party jurisdiction is not permitted without specific statutory authorization. In Finley, the plaintiff was a woman whose husband and children died when an airplane struck electric power lines. Initially, the plaintiff filed suit in state court against the San Diego Gas and Electric Company for negligently maintaining the lights on the airport runway. Subsequently, the plaintiff learned that the Federal Aviation Administration (FAA) was responsible for the runway lights. The plaintiff then sued the FAA in federal court under the Federal Tort Claims Act. She sought to amend her federal court complaint to include as a defendant the utility company against whom she only had state law claims. In other words, Finley presented a classic case of pendent party jurisdiction: an attempt to invoke federal court jurisdiction over an additional party (over whom there is no independent basis for federal court jurisdiction) because the claim arises from the same facts as a federal question properly before the federal court.

---

1. Pendent party jurisdiction is distinct from pendent claim jurisdiction. Pendent claim jurisdiction commenced in *Siler v. Louisville and Nashville Railroad*, 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909). Once a court has federal jurisdiction it may resolve other state claims amongst the parties even though the court decides adversely the federal claim. *Id.* at 191, 29 S.Ct. 451.

The Supreme Court, in a five-to-four decision, held that pendent party jurisdiction is not permissible unless there is an express statutory authorization for it. The Court concluded that nothing in the Federal Tort Claims Act authorizes jurisdiction over pendent parties. The Court distinguished pendent claim jurisdiction, which it reaffirmed as permissible, from what it viewed as the "much more radical" concept of pendent party jurisdiction.

The Federal Courts Study Committee proposed overruling Finley to allow pendent party jurisdiction. Congress adopted this recommendation and § 1367(a) expressly provides that "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." Lower courts have followed this and now allow pendent party jurisdiction under the statutory authorization for supplemental jurisdiction."

█ Moreover, in *Ponce Federal Bank v. The Vessel Lady Abby,* 980 F.2d 56, 57–59 (1st Cir.1992), the then Circuit Chief Judge, now Associate Supreme Court Justice, Stephen Bryer, discussed "pendent party jurisdiction" as herein defined and allowed the prosecution of a non-federal civil claim related to the federal cause of action "if the claims involve a common nucleus of operative facts, a single proceeding to decide both seems eminently fair." *Ponce Federal Bank v. The Vessel Lady Abby,* 980 F.2d at 58. Further, Justice Bryer expressly clarified that although the case pre dated the 1990 Supplemental Jurisdiction statute, the final result would have been the same and further "Congress yet more recently has passed a statute that overturns Finley, 28 U.S.C.A. § 1367." *Ponce Federal Bank v. The Vessel Lady Abby,* Id. Furthermore, other circuits that have focused on the issue

have concluded as affirmed by Commentators Siegel and Chemerinski. See *Rodriguez v. Pacificare of Texas,* 980 F.2d 1014, 1018 (5th Cir.1993) ("Congress has now spoken, as part of the Judicial Improvement Act of 1990, 104 Stat. 5089, et seq., district courts are now granted "supplemental jurisdiction" [referring to specifically pendent party jurisdiction] over claims so related to a federal question" since they form part of the same case or controversy under Article III of the United States Constitution), *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.,* 77 F.3d 928, 931 (7th Cir.1996) (pendent party jurisdiction now available after 1990 amendments to 28 U.S.C.A. § 1367 even in diversity cases); *Baer v. First Options of Chicago,* 72 F.3d 1294, 1298 (7th Cir.1995) (pendent party jurisdiction accepted as previously authorized in "judge-made principles").

## IV

Although there is no cause of action under EMTALA against surgeons and/or physicians, the court has supplemental "pendent party jurisdiction" and hence the request to dismiss and the miscellaneous relief of lawyers' fees and costs at Docket No. 25, and 27 **ARE DENIED.**

IT IS SO ORDERED.