## UNITED STATES FIRE INSURANCE COMPANY, Plaintiff,

v.

## UNITED LIMOUSINE SERVICE, INC., Pierson & Smith, Inc., Holyland Travel Brokerage Corp., Abdul Ziad, Kemial Kastrat, Douglas David d/b/a Douglas David Insurance, Douglas David Insurance, Misv Car Service Corp., D.E.F. Limo, Corp., Jenny and S Corp., Z & Z Executive Transportation, Inc., Triple A Transportation, Inc., MLM Limousine Inc., R & R Executive Co., Inc., RMP Limo Co., Inc., ABC Executive Cars, Corp., N.Y. Luxury Transportation Corp., Louis Madrigal, Lousis Madrigal, Inc., Brian Egan, C & M Transportation, Carlos Alvarez, and Mohammad Aldeb, Defendants.

### No. 01 CIV. 10821(CM).

United States District Court, S.D. New York.

July 28, 2004.

Michael A. Cerussi, Jr., Cerussi & Spring, White Plains, NY, Maureen E. Scott, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY, Thomas M. Cassone, Bello, Lapine & Cassone, Stamford, CT, for Defendants.

Carlos Alvarez, Yonkers, NY, pro se.

Mohammad Aldeb, Yonkers, NY, pro se.

## DECISION AND ORDER DENYING DEFENDANTS HOLYLAND AND ZIAD'S PARTIAL MOTION TO DISMISS

MCMAHON, District Judge.

This case arises out of Defendants' alleged participation in a widespread scheme to commit insurance fraud against Plaintiff. Plaintiff United States Fire Insurance Company ("US Fire") filed a complaint with this court on November 30, 2001, and an Amended Complaint on April 15, 2002, alleging, *inter alia,* that Defendants' unlawful activity violated the RICO statute, 18 U.S.C. § 1962, and amounted to unjust enrichment, in violation of New York State law. I will assume familiarity with the facts of this case, which are explained in detail in *United States Fire Insurance Co. v. United Limousine Service, Inc.,* 303 F.Supp.2d 432 (S.D.N.Y. 2004) (*"US Fire I "*).

Defendants Holyland Travel Brokerage Corp. ("Holyland") and Abdul Ziad, among other Defendants, moved to dismiss the RICO claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). In a decision and order dated February 6, 2004, this court dismissed with prejudice Plaintiff's §§ 1962(a) and (b) claims against all Defendants, and dismissed without prejudice Plaintiff's RICO claims against Holyland and Ziad pursuant to Federal Rule of Civil Procedure 9(b), and §§ 1962(c) and (d). *US Fire I* at 456. Plaintiff's §§ 1962(c) and (d) claims against

Lloyd Joseph Herman, Stephen Frederick Willig, D'Amato & Lynch, New York, NY, for Plaintiff.

the other Defendants were not dismissed. *Id.*

Plaintiff was granted leave to amend the claims that were dismissed without prejudice, but chose not to replead its RICO claims against Holyland and Ziad. The only remaining cause of action against those Defendants, therefore, is the Tenth Cause of Action of the Amended Complaint, Plaintiff's state common law claim of unjust enrichment.

Holyland and Ziad (the "Moving Defendants") now move to dismiss the Tenth Cause of Action of the Amended Complaint for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, Holyland and Ziad's motion is denied.

### Discussion

■ By asking this court to hear a claim against Holyland and Ziad, who are not subject to any of Plaintiff's remaining RICO claims, Plaintiffs are asking this court to exercise what is known as "pendent party jurisdiction." Pendent jurisdiction in general is a court's power to adjudicate a claim that is not otherwise subject to the court's jurisdiction, but which arises from the same transaction or occurrence as another claim that is properly before the court. *See* BLACK'S LAW DICTIONARY 856 (7th ed.1999). Pendent party jurisdiction in particular is a federal court's power to hear a state claim brought against a defendant who is not himself subject to any federal claim, but who nevertheless is subject to a state law claim that forms part of the same case or controversy as a federal claim against another defendant.

Pendent party jurisdiction was not always available to district courts. Indeed, pendent party jurisdiction was specifically distinguished from pendent *claim* jurisdiction, which was available to district courts following the Supreme Court's decision in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

In *Gibbs,* the Court held that federal courts could hear a state law claim brought against a defendant who was also subject to a federal claim, so long as the state and federal claims arose out of a "common nucleus of operative fact." *Gibbs* at 724, 86 S.Ct. 1130. The question remained, however, whether the district courts had jurisdiction over some additional party in the case against whom the state claim, but not the federal claim, ran: could pendent jurisdiction be used to support the state claim against that party, even though that party was not subject to the federal claim? *See Alvarez Torres v. Ryder Mem'l Hosp., Inc.,* 308 F.Supp.2d 38, 40–42 (D.Puerto Rico 2004) (analyzing the history of pendent jurisdiction).

In *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), the Court answered this question in the negative. It recognized that pendent party jurisdiction was constitutional, but held that district courts could not exercise it without explicit congressional authorization. *Id.* at 548, 109 S.Ct. 2003 ("The Constitution must have given to the court the capacity to take [jurisdiction], and an act of Congress must have supplied it. . . . To the extent that such action is not taken, the power lies dormant."). Thus, the Court left *Gibbs*'s pendent *claim* jurisdiction intact, but left it to Congress to establish pendent *party* jurisdiction for district courts.

In 1990, Congress enacted 28 U.S.C. § 1367(a), which eliminated the distinction between pendent claim and pendent party jurisdiction (grouping the two concepts together under the heading of "supplemental jurisdiction") and authorized district courts to hear claims against pendent parties. That statute provides, in relevant part, the following:

> Except as provided in subsections (b) and (c) or as expressly provided other-

wise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.*

28 U.S.C. § 1367(a) (emphasis added). It is this last sentence of § 1367(a) that has been interpreted as Congress' response to *Finley,* and its explicit authorization of pendent party jurisdiction. *See Alvarez Torres,* 308 F.Supp.2d at 41 (examining commentary on the legislative history of § 1367, and concluding that the court may exercise jurisdiction over parties even though that party was not subject to the federal claim, if the claims form part of the same case and controversy).

Furthermore, the Second Circuit has held that § 1367 does more than merely *permit* district courts to hear supplemental claims; it, in fact, *requires* them to do so. In *Itar–Tass Russian News Agency v. Russian Kurier, Inc.,* 140 F.3d 442 (2d Cir.1998), the Second Circuit noted that the statute gives district courts the discretion to decline supplemental jurisdiction over a state law claim (even if it is part of the same case or controversy as a federal claim) *only* when

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* at 446–48 (quoting 28 U.S.C. § 1367(c)).

■ Thus, I am required to hear Plaintiff's unjust enrichment claim against the Moving Defendants if (1) under § 1367(a) that claim is part of the same case or controversy as the RICO claims against the non-moving defendants, and (2) none of the § 1367(c) criteria are present. *See id.* at 447 ("subsection 1367(a) uses the term 'shall' which implies that once it is determined that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, supplemental jurisdiction over the related claim is mandatory," so long as subsection (c) does not apply).

First, § 1367(a) clearly permits me to hear the unjust enrichment claim against Holyland and Ziad. I have original jurisdiction over the RICO claims against the non-moving Defendants, and the allegations in the complaint suggest that Holyland and Ziad were unjustly enriched because of their participation in the insurance fraud that gave rise to the RICO claims against the other Defendants. The unjust enrichment claim can fairly be said to be part of the same "case or controversy" as the underlying RICO claims.

Second, the unjust enrichment claim does not fall within any of § 1367(c)'s four exceptions to the presumed exercise of supplemental jurisdiction. The claim does not raise any novel or complex issues of New York State law, nor does it substantially predominate over the RICO claims that give me original jurisdiction. Further, I have not dismissed all of the claims that give me original jurisdiction over this case, since some of Plaintiff's RICO claims against non-moving Defendants survived a motion to dismiss.

Finally, while § 1367(c)(4) does give me discretion to dismiss supplemental claims "in exceptional circumstances [where] there are other compelling reasons for declining jurisdiction," the Second Circuit has made it clear that this provision may be invoked only when "circumstances are 'quite unusual.' " *Itar–Tass* at 448 (quoting *Executive Software N. Am., Inc. v. United States Dist. Court for Cent. Dist. of Cal.*, 24 F.3d 1545 (9th Cir.1994)). Nothing about the case at bar is "unusual." The type of activity that gives rise to RICO claims also frequently gives rise to lesser state law claims, such as fraud or unjust enrichment. This case does not fall within the scope of § 1367(c)(4)'s "exceptional circumstances" provision.

The Moving Defendants cite several cases to support the proposition that when a plaintiff's RICO claim against a defendant is dismissed, the state law claims against the defendant must be dismissed as well. However, those cases are inapposite. Three of those cases (*McLearn v. Cowen & Co.*, 660 F.2d 845 (2d Cir.1981), *First City National Bank & Trust v. Federal Deposit Insurance Co.*, 730 F.Supp. 501 (E.D.N.Y. Jan.16, 1990), *Cahill v. Arthur Andersen & Co.*, 659 F.Supp. 1115 (S.D.N.Y.1986)) were decided prior to the December 1990 passage of § 1367; they are no longer good law. The two post–1990 cases that the Moving Defendants cite are clearly distinguishable. In both *Interstate Flagging v. Town of Darien*, 283 F.Supp.2d 641 (D.Conn.2003) and *Kades v. Organic Inc.*, 2003 WL 470331 (S.D.N.Y. 2003), the district court invoked § 1367(c)(3) and declined to exercise supplemental jurisdiction because all of the underlying RICO claims had been dismissed. Here, some of Plaintiff's RICO claims were not dismissed, and so the court may not invoke § 1367(c)(3).

Therefore, § 1367(a) permits me, and in the absence of any § 1367(c) criteria, *Itar–Tass* requires me, to grant supplemental jurisdiction over Plaintiff's unjust enrichment claim.

The Motion to Dismiss the Tenth Cause of Action of the Amended Complaint for lack of jurisdiction is denied.

IT IS SO ORDERED.